UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUOC H. NGUYEN,<br><br>  Plaintiff,<br><br>  v.<br><br>VO HOANG CHAN, *et al.*,<br><br>  Defendants. | Case No.  2:24-cv-2872-DC-JDP (PS)<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, SCREENING HIS COMPLAINT, AND DISMISSING WITH LEAVE TO AMEND<br><br>ECF Nos. 1 & 2 |

Plaintiff brings this action *pro se*, alleging, as best I can tell, that defendants falsely accused him of killing his father and brother. ECF No. 1 at 5-7. His allegations fail, as described below, to establish any basis for federal jurisdiction. I will give him leave to amend to explain why this action should proceed. I will also grant his application to proceed *in forma pauperis*, ECF No. 2.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that defendants, all of whom are listed as residents of California, are falsely accusing him of killing his father and brother. ECF No. 1 at 2-5. These allegations do not give rise to any federal claim. And the California residency of all parties precludes proceeding based on diversity jurisdiction. I will dismiss the current complaint with leave to amend.

Plaintiff may amend his complaint within thirty days of this order's entry. Therein, he should explain the basis for federal jurisdiction and better explain the substance of his claims. He is advised that an amended complaint will supersede his current one and all claims and relevant exhibits must be contained in the new complaint without reference to its predecessor. If plaintiff fails to file an amended complaint within the deadline, I will recommend this action be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Plaintiff's complaint is dismissed with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   November 5, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE